## Evans & Watson *versus* Jayne.

The decision of the Surveyor of the City of Philadelphia directing the removal of a party-wall is conclusive, no appeal therefrom lying to the Common Pleas; and under the Act of 5th April, 1849, the Common Pleas may cause the wall to be forthwith removed.

CERTIORARI to the Common Pleas, *Philadelphia.*

This was a *certiorari* issued out of the Supreme Court to the Court of Common Pleas in the case of David Evans and Johannes Watson *v.* David Jayne, in the matter of the condemnation of the party-wall between certain premises fronting upon Dock street, in the city of Philadelphia.

[Evans & Watson v. Jayne.]

David Jayne, being about to erect a large building upon Dock street, adjoining the premises of Evans & Watson, became desirous of removing the party-wall in question; and in order to accomplish it called upon the city surveyor, to examine the wall and report as to its sufficiency for his purposes.

The surveyor informed Evans & Watson of his intention to hold a survey of the wall; and upon the 29th day of July, 1853, notified them that he had condemned the same, and directed them to remove it within thirty days. The latter entered an appeal to the Court of Common Pleas. After the entering of the appeal and while the same remained in Court undetermined, Jayne, by his attorney, obtained from one of the associate judges of the Common Pleas, a rule to show cause why a writ should not issue out of the Common Pleas, directed to the sheriff, commanding him forthwith to remove the party-wall. The rule was returnable on the next day.

Upon the hearing of the rule, the counsel for Evans & Watson contended that an appeal lay; and further offered to prove that the wall was a good and sufficient party-wall: but the judge decided that the report of the surveyor was conclusive, and he refused to hear any testimony as to the sufficiency of the wall. The writ of *certiorari* was then obtained, and it was filed in the Common Pleas; but afterwards, on application to the judge of the Common Pleas, he ordered the writ for the removal of the wall to issue.

By the Act of 5th April, 1849, it is provided that in every case where a party-wall or walls shall be and may heretofore have been condemned, &c., it shall be the duty of the owner or occupant of the premises whereon said party-wall is situate, within thirty days after notice of condemnation given, to cause the same to be removed, but at the proper charge of the person or persons upon whose application the party-wall may have been condemned; and upon his or her failure to remove the same within said time, and upon the representation thereof, upon oath or affirmation, to the Court of Common Pleas for the city and county of Philadelphia, the Court shall grant a rule to show cause why a writ shall not be directed to the sheriff commanding him, at the proper charge of the applicant, forthwith to remove the wall, &c.; and if upon the return of the rule no sufficient cause be shown to the contrary, it shall be the duty of the Court forthwith to direct the writ to issue.

It was assigned for error: 1. That the Court erred in deciding that the report of the surveyor was conclusive, and that no appeal would lie from it. 2. In refusing to hear any testimony upon the hearing of the rule. 3. In making the rule absolute; and 4. In directing the writ to issue after the writ of *certiorari* was brought to the prothonotary's office.

[Evans & Watson *v.* Jayne.]

*Alsop* and *Perkins*, for plaintiffs in error.—It was said that under the Act of 24th February, 1721, and of 15th April, 1782, an appeal to the Common Pleas was authorized. By the 7th section of the Act of 21st June, 1839, proceedings as to party-walls are subject to the provisions of the Act of 1721 and its supplements. It was alleged that express words were necessary to take away an appeal: 3 *D. & R.* 306.

But if an appeal did not lie, it was alleged that it was illegal in the Court below to cause any process to issue after the writ of *certiorari* had been issued, as in contemplation of law the record was removed thereby: 5 *Barr* 125; 3 *Whar.* 588; 2 *Ser. & R.* 363; 3 *Yeates* 479. Where a statute provides that "a matter shall be finally determined by the Quarter Sessions, and that no other Court shall intermeddle," *certiorari* lies notwithstanding these negative words: 2 *Burr.* 1042; 3 *Bl. Com.* 42.

*S. Lewis* and *Gerhard,* contrà.

The opinion of the Court was delivered by

Lowrie, J.—There can be no available objection to the principle upon which our law as to party-walls is based. The law as to partition fences involves the same principle. It exists partially in London: *St.* 14 *Geo.* 3, *c.* 78. It has constituted part of the law of France for ages, and is fully carried out in the Code Napoleon, ss. 653–673. In that law (s. 659) we find the very provision on which this case proceeds, that the builder of a new house may take down a party-wall that is insufficient for his purposes, and rebuild it at his own expense; and this expense is the best protection against an abuse of the right, the exercise of which cannot be of frequent occurrence. See also *Pothier's Traité de Société, app. du Voisinage,* s. 247, *&c.; Pothier's Coutumes, Des Servitudes,* art. 235, *&c., Voet ad Pand.* 8, 2, 15–17; *Pothier ad Pand. L.* 10, s. 67.

The principle is no invasion of the absolute right of property, for that absolute involves a relative, in that it implies the right of each adjoiner, as against the other, to insist on a separation by a boundary more substantial than a mathematical line. This imaginary line is common, and so ought the real one to be, and it is only in the character of this, that the difficulty lies which requires legislation. When it is constructed, the regulation of its enjoyment and repair is as plain as that belonging to any other property held in common. And there is nothing more severe in submitting the question of the sufficiency of walls in a city to the city surveyor, than there is in submitting the sufficiency of fences in the country to fence viewers. The principle is the same, and if the interests involved in the one case are greater than in the other, it is only because of the nature of city property, that it re-

[Evans & Watson *v.* Jayne.] ·

quires more expensive partition walls or fences than are required in the country. The provisions of the law are substantially the same in both cases.

Taking these suggestions in connexion with the facts that the wall in question was a party-wall, built half on each side of the line of the lots, and that the Acts of Assembly of 1839 and 1849 apply only to such walls, we can see in those acts no such invasion of private rights as requires us to regard their provisions with suspicion. This proceeding was under the act of 5th April, 1849, *P. L.* 411, and the process there provided is complete in itself without any appeal, and we cannot imply that any was intended; and herein too it resembles the fence laws.

Proceedings affirmed.