## Roberts *versus* Bye.

Where the owner of a vacant lot contracts for the erection of a building thereon, wherein it is provided that the party-walls shall belong to the contractor, the former has the legal title to the party-walls, but holds in trust for the latter; and if the owner conveys the premises to a *bonâ fide* purchaser without notice of the contractor's equity, he becomes liable to the latter immediately for the value of the party-walls, in an action for money had and received.

One who purchases with notice of the contractor's equity, becomes a trustee for the latter, in like manner with the original builder; and if he conveys to a third person, without notice, incurs a like liability.

In such case, the original builder would be a competent witness for the contractor.

ERROR to the District Court of *Philadelphia*.

This was an action of *assumpsit*, brought by Samuel K. Bye against Algernon S. Roberts, Jr., to recover the value of certain party-walls. The declaration contained the common money counts, to which the defendant pleaded the general issue.

On the 21st June 1851, James L. Gihon, being the owner of a vacant lot of ground on Rittenhouse Square, in the city of Philadelphia, contracted with Samuel K. Bye, the plaintiff below, for the erection of a brick house thereon. The contract contained this clause: "The party-walls to belong to the contractor."

On the 12th June 1854, Gihon sold the premises to Algernon S. Roberts, Jr., the defendant below, with notice that the party-walls belonged to the builder; but no mention of the party-walls was made in his deed to the defendant.

On the 9th April 1856, Roberts sold and conveyed the premises to John Fallon, without notice of the plaintiff's equitable ownership of the party-walls. And this action was brought against Roberts for the value of them.

On the trial, the deposition of James L. Gihon was offered in evidence, on the part of the plaintiff, and admitted, notwithstanding an objection to his competency by the defendant. The court charged the jury, that the value of the party-walls could be recovered in this action; and there was a verdict and judgment for the plaintiff, for $338.24.

The following opinion was delivered in the court below, on a rule for a new trial, by SHARSWOOD, P. J.:—

"It only tends to confuse the mind to consider this as an action to recover the value of a party-wall under our Acts of Assembly. The plaintiff was the original architect, who contracted to build a house for one Gihon, and, as it is not uncommon, stipulated in his contract that the right to receive compensation for the party-wall, when it should accrue, should belong to him. If then the wall had been used, Bye would have been compelled to sue in the name

[Roberts *v.* Bye.]

of Gihon, the legal owner of the claim; Bye having an equity. Gihon sold to Roberts, and gave him distinct notice of Bye's equity. Roberts was now the legal owner under the Act of 1849, but subject to Bye's equity. The notice affected him with the trust; he stepped into Gihon's shoes, and stood in the same privity with Bye that Gihon did. If, during Roberts' ownership, the wall had been used, the suit must have been in Roberts' name to Bye's use. Roberts was a trustee for Bye. But when Roberts sold to Fallon, without notice, the right of action vested absolutely in Fallon, clear of Bye's equity. If the walls were afterwards used, Fallon would be entitled to recover for such use, and the money would be his; Bye would have no claim to it. On the sale of the house, the contingent right of compensation may or may not have been a distinct subject of calculation in the consideration: it matters not, if it was or not. It is for the jury to say how much it was worth; whatever it was, when Roberts received the value, it was Bye's money, and Bye could at once sustain an action for money had and received to his use. If not, Bye has been deprived of a clear right, and is without a remedy. If he waits till the wall is used, he clearly has no right of action against the second builder. Fallon, who bought without notice, is the person entitled to that. Must he wait until then before he can sue Roberts?

"What action can he then bring? An action for money had and received, or on the case for wrongfully using the wall. In either event, the time of the accruing of the cause of action is the sale and conveyance, and that, or at all events notice of it, would be the time from which the Statute of Limitations would begin to run.

"We have had considerable difficulty as to the competency of Gihon; the case however having been tried before (when, indeed, the question of Gihon's competency did not arise), and the point being a doubtful one, we think it will most effectually answer the ends of justice to allow the verdict to stand, the judge before whom the case was tried being willing to sign a bill of exceptions. Rule dismissed."

The defendant thereupon sued out this writ, and assigned for error: 1. The admission of James L. Gihon as a witness. 2. The charge of the court below.

*McCall*, for the plaintiff in error.—A party-wall is a mere *chose* in action: Hart *v.* Kucher, 5 *S. & R.* 1; Davids *v.* Harris, 9 *Barr* 501; White *v.* Snyder, 2 *Miles* 395. By virtue of the Act 10th April 1849, it passes by a conveyance of the premises. Until used, there is no right of action in any one. And the plaintiff has been permitted to recover the full value of what may never be used. Gihon was an incompetent witness, within the rule in Post *v.* Avery, 5 *W. & S.* 509; Bailey *v.* Knapp, 7 *Harris* 192.

[Roberts *v.* Bye.]

*Drayton,* for the defendant in error.—The opinion of the court below, is a sufficient argument for us. As to the admission of Gihon's testimony, it is not within the rule in Post *v.* Avery. The utmost that can be urged against Gihon, as a witness, is, that he *might* have been sued by Bye. But "exposure to the possibility of an action, is one of those contingent interests which go only to credibility:" Scott *v.* Wells, 6 *W. & S.* 357; Smith *v.* Seward, 3 *Barr* 342; 1 *Greenl. Ev.* § 416.

The opinion of the court was delivered by

Lowrie, C. J.—A right to a party-wall, is a right which an owner of land has to build a division-wall partly over his line on the land of another. It is therefore a right appurtenant to land, and may properly be called an easement or servitude. In Philadelphia, this relation between adjoiners is regulated by statute. He that first builds on his line must erect the wall at his own expense, and it is then, as one whole wall, an essential part of his house, and is therefore real estate. Yet half of it rests on his neighbour's land, which is charged with a servitude for this purpose.

The owner of the house has no charge against anybody for the half thus built on his neighbour's land; but the wall is his own, and the neighbour cannot use it without paying for so much of it as he intends to use; and, on paying, he may use it, and then the wall becomes a common wall, and each lot becomes appurtenant to the other so far as needed for its support. The owner of the wall has, therefore, a contingent claim against the adjoining lot-owner that he shall pay for his share of the wall before using it, though it is half on his own ground. The price to be paid is, consequently, a fixed lien on the lot, to be enforced by restraining the full use of it until the wall is paid for: 8 *S. & R.* 59; *Smith's Ex. Int.* § 74.

Such a party-wall is essentially inalienable, except to the adjoining owner. But the law, by a somewhat anomalous yet practical accommodation, allows the mechanic who builds the wall to make an agreement to look to the adjoiner for the half value of it. He, therefore, retains a lien on the land for so much. But still the lien is an incident of the wall, and the wall is part of the house; and, therefore, to all appearance, the lien belongs to the owner of the house, and passes on a sale of the house, or may be bought from the owner by the adjoiner, so as to extinquish the builder's lien. The owner may, therefore, be called, according to the analogies of the law, a trustee of the lien for the builder; and a purchaser from him, without legal notice, will take the title to the wall, discharged from the builder's claim. A purchaser, with notice, according to the same analogies, becomes trustee instead of the original owner. If the trustee sells the house, without

reserving the builder's lien, he sells the builder's right, and must account to him for its value.

It seems to us that the action of *assumpsit* is a very proper remedy for such a case, and we do not see that the count for money had and received was inappropriate to the facts of this case. The verdict of the jury seems to be about equal to the half value of the wall, though it was not yet used by the adjoiner, and this seems unjust; yet we do not see that any instructions were prayed for or given in the court below on this subject, and we must presume that the plaintiff's right was valued with reference to the contingency on which it depended. If the wall was likely to be used the next season, he might get nearly its full value.

It seems to us that the views are a full answer to all the exceptions to both the evidence and the charge, and shows that the case is without error in matter of law.

Judgment affirmed.