# Milne's Appeal.

1. Defendant laid a *foundation* extending as a party wall on his neighbor's lot; he erected a brick wall, also as party wall, on part of the foundation ; he could not by erecting a wall wholly within his own line prevent the erection from being a party wall.
2. Defendant was bound to make the erection a solid wall; by making openings in it he became a trespasser.
3. If a builder starts the foundation as a party wall, thus taking the land of the adjoiner, he must carry it up so as to give the adjoiner all the benefits of a party wall.
4. Vollmer's Appeal, 11 P. F. Smith 118, followed.

February 7th 1876. Before AGNEW, C. J., SHARSWOOD, MERCUR, GORDON, PAXSON and WOODWARD, JJ.

Appeal from the Court of Common Pleas of *Philadelphia :* In Equity : No. 288 ; Of January Term 1874.

The bill in this case was filed December 6th 1872, by James Gordon, against Caleb Milne.

The plaintiff since the year 1843 had been the owner of three adjoining lots, on the south side of Lombard street, Philadelphia, the easternmost lot commenced one hundred and two feet westward from Eighteenth street,· and the whole extended to the distance

of forty-eight feet further west ; on each lot was erected a brick dwelling-house ; the depth of his lot is eighty-five feet ; he resided in the westernmost house.   The defendant derived his property from his father, and owned the ground west of the plaintiff's residence ; it is occupied by a cotton and woollen factory.   There is a stone party wall foundation, built by the father, of about nine inches in width, extending partly upon the plaintiff's and partly on the defendant's line south from Lombard street and beyond plaintiff's south line.   A brick party wall is built on the stone foundation which runs forty feet south from Lombard street ; at the end of these forty feet the brick wall of the defendant's factory recedes four and a half inches westward, continuing on the stone foundation ; this portion of the brick wall being *wholly on the defendant's ground;* the brick wall thus built extends southwardly for a further distance of thirty-nine feet and one and a half inches, and then advances four and a half inches to the proper party line.   Opposite to the receding part of the wall are the back buildings of plaintiff's residence with a lateral yard about three feet wide leading to a larger yard, south of his dwelling-house, which is opposite the lower part of the receding wall ; the windows of this back building face westward and open towards defendant's receding wall.   In the defendant's receding wall he has placed four windows, the sills of these windows extend somewhat over the plaintiff's line.

The plaintiff's bill set out these facts and alleged that his family, consisting of his wife and two grown daughters were, in consequence of the proximity of the defendant's windows, subjected to many indignities and annoyances—which were specified—from the persons employed in the factory, that their privacy was invaded and the enjoyment of their property almost wholly debarred ; that the tenants occupying plaintiff's other two dwelling-houses were subjected to similar annoyances, and threatened to remove unless the nuisance were abated.

The prayer was : " that the said defendant may be enjoined and directed to abate the said nuisance, by causing the said windows and the frames thereof to be removed and the spaces built up with bricks, as if the same were in fact and law a division party wall."

A special injunction was awarded.

The defendant demurred to the bill and assigned as reason that the facts set out in the bill did not entitle the plaintiff to the relief prayed for.

The court overruled the demurrer, on the following opinion opinion, by Judge Paxson :—

" This was a demurrer to plaintiff's bill.   The important point to be decided is, whether the wall between the properties of the plaintiff and defendant is a party wall.   If it is, then the openings therein under the authority of Vollmer's Appeal, 11 P. F. Smith

118, are in violation of law, and a nuisance which a court of equity will abate.

" Defendant is the owner of a lot and factory on the south side of Lombard street, adjoining the lot and dwelling of the plaintiff. Some years ago, the father of the defendant, from whom the latter derived title, erected a wall on the line between his property and that of the plaintiff. The foundation of the entire wall was laid as is usual in the case of party walls, upon the line between the two properties. Upon this foundation a party wall was built from Lombard street, southward forty feet. At this point the said wall for the distance of thirty-nine feet and one and one-half inches southward, recedes westward for the space of four and a half inches, to the line of defendant's property. So that this portion of the wall, although the foundations thereof are partly upon the plaintiff's ground, is built entirely upon defendant's lot, after it rises above the cellar. In this portion of the wall thus set back, have been placed a number of openings or windows which are the cause of the present complaint.

" That these openings are a source of very serious annoyance to the plaintiff and his family is apparent from the bill and is conceded by the demurrer. Has the defendant a right to maintain these openings ? It must be conceded that if the defendant or those under whom he claims, had constructed this portion of the wall entirely upon his own property, he would have had the right to leave openings therein. But having used his neighbor's ground in part for his foundation, can he by receding at any point above to his own line, deprive the adjoining owner of the substantial benefits of a party wall ? One of those benefits is the right to build thereto upon making compensation ; another is the right to have a solid wall (without openings) of brick or stone or other incombustible materials. ' If the first builder does not comply with the law and make the wall a solid one, he becomes a trespasser and wrongdoer.' In Vollmer's Appeal, and other cases cited in which the parties had been enjoined from using openings, the walls were admitted party walls *their entire length and height.* It would seem, however, as if the present case comes within the reason of the rulings referred to. The character of the wall must be determined in part from its foundation. If the builder starts the latter upon the line and thus takes the land of the adjoining owner, he must carry it up strictly as a party wall or at least in such manner as to give the adjoining owner all the benefits of such a wall. Otherwise the land of the latter would be taken without any *corresponding benefit.*"

The defendant then filed an answer.

He stated the lot on which the factory was erected extended south from Lombard street, one hundred and forty-three feet to Naudain street, his father became the owner of the lot in 1847,

[Milne's Appeal.]

before which time a factory which fronted on Naudain street and extended forty feet northward had been erected; that part of the building in which were the windows complained of was erected about a year afterwards, and that part of the building which adjoined plaintiff's residence was erected in 1849; two of the windows were put in when the second part was built, about 1847, and had been in adverse use ever since; the wall of that part was raised about the time of filing the bill and two other windows put into the raised portion; the foundation wall was twenty-one and a half inches thick, of which seventeen inches are on defendant's own ground; it did not come within six inches of the surface; the brick wall was entirely within defendant's line; no part of it projects over the plaintiff's line. He denied the allegations of annoyance, &c., alleged in the plaintiff's bill.

The other allegations of the bill were not denied.

The case was heard on bill and answer, and on the 31st December 1873, the court, Allison, P. J., made the injunction perpetual, and the defendant was commanded to abate the nuisance, by causing the windows and their frames to be removed, and the spaces built up with bricks.

The defendant appealed to the Supreme Court and assigned the decree of the Court of Common Pleas for error.

*E. C. Mitchell*, for appellant.—The foundation of party walls under Acts of 1721 (1 Sm. Laws 124) and 1782 (2 Sm. Laws 48), are to be laid equally on the land of each party. Party walls are those that are used for the benefit of both adjoining estates: Washburn on Easements 454.

*W. C. McCandless*, for appellee.

Judgment was entered in the Supreme Court, February 21st 1876,

PER CURIAM.—The wall mentioned in the plaintiff's bill is clearly a party wall. The defendant could not, by receding upon the foundation of a part of it, carry up that part within his own line, so as to destroy the character of the entire wall, and thus secure to himself the privilege of openings in it inconsistent with its character as a party wall. The case is sufficiently developed in the opinion of the court below.

Decree affirmed with costs and appeal dismissed.