# CASES

IN

# THE SUPREME COURT

OF

# PENNSYLVANIA.

---

## Heron, Appellant, *v.* Houston (No. 1).

*Party walls—Constitutional law—Police power.*

The right of the legislature to confer upon municipalities the power of regulating party walls is based upon the general police power of the state, and cannot be questioned.

Every owner of a lot of ground in a city as to which such legislation applies, has the statutory right to make a party wall between himself and his neighbor, and may enter upon the adjoining lot for that purpose, not going beyond the prescribed limits. This right cannot be taken from him by the adjoining owner building exclusively upon his own land, either to the line, or a short distance therefrom.

Argued Oct. 31, 1906. Appeal, No. 95, Oct. T., 1906, by plaintiff, from decree of C. P. No. 2, Allegheny Co., Oct. T., 1905, No. 969, dismissing bill in equity in case of John B. Heron, Jr., v. James W. Houston and Leo Reed, trading as James W. Houston & Company, and S. A. Dies, Superintendent of the Bureau of Building Inspection of the city of Pittsburg. Before MITCHELL, C. J., FELL, BROWN, MESTREZAT, POTTER, ELKIN and STEWART, JJ. Affirmed.

Bill in equity for an injunction to prevent the removal or the cutting into a wall built wholly on the defendants' property.

From the record it appeared that plaintiff and defendants, J. W. Houston & Company, are the owners of adjoining prop-

erties situate on Liberty avenue in the ninth ward of the city of Pittsburg, there being a three-story brick dwelling house erected upon plaintiff's lot, and a one-story ironclad building on defendants'. Houston & Company being desirous of improving their lot by erecting thereon a three-story brick warehouse, notified the superintendent of building inspection of the city of Pittsburg of their intention to construct a party wall on the division line between the two properties, and requested that officer to appoint a time for hearing the parties as provided in the ninth section of the Act of June 7, 1895, P. L. 135. Upon receipt of that notice the superintendent of building inspection fixed the time and place at which he would hear the parties, whereupon this bill was filed, denying the necessity for a party wall, averring irreparable damage in the event of such construction and denying that the act cited confers upon defendants authority to require plaintiff to submit to the erection of a party wall. An injunction is asked to restrain Houston & Company from proceeding in the matter and also to restrain the superintendent of the bureau of building inspection from asserting jurisdiction under the act of June 7, 1895. The defendants demurred to the bill.

The court in an opinion by FRAZER, P. J., sustained the demurrer and dismissed the bill.

*Error assigned* was the decree of the court.

*J. S. Ferguson*, with him *E. G. Ferguson*, for appellant.— A party wall in the legal sense of the term can be created only by virtue of a contract between the adjoining owners or by force of a statute : List v. Hornbrook, 2 W. Va. 340 ; Whiting v. Gaylord, 66 Conn. 337 (34 Atl. Repr. 85).

The right to build upon adjoining property may be exercised only where the wall will be for the common benefit of both properties, and not merely for the convenience of the first builder. Therefore, it has been held that no right of encroachment exists in the case of a wall of a back building, which would not be of benefit to the adjoining owner : Rodearmel v. Hutchison, 2 Pears. 324.

Party wall acts must be strictly construed : Hoffstot v. Voight, 146 Pa. 632 ; Morris v. Balderston, 2 Brewster, 459.

The constitutionality of such acts as the present has been denied: Traute v. White, 46 N. J. Eq. 437 (19 Atl. Repr. 196); Wilkins v. Jewett, 139 Mass. 29 (29 N. E. Repr. 214).

*Magnus Pflaum*, for appellees, cited: Western Nat. Bank's App., 102 Pa. 171; Evans v. Jayne, 23 Pa. 34; Childs v. Napheys, 112 Pa. 504; Vollmer's App., 61 Pa. 118; Deringer v. Augusta Hotel Co., 155 Pa. 609.

OPINION BY MR. JUSTICE STEWART, January 7, 1907.

It is too late at this day to question abstractly the right of the legislature to confer upon municipalities the power of regulating party walls. Never since we have been a state have we been without legislation of this kind; and every enactment on the subject has contained the fundamental feature here challenged —constitutional warrant for the appropriation, under municipal regulation, by one of two adjoining lot owners of a certain portion of the other's land, for the construction of a party wall for their common enjoyment and use. This legislation has not only been acquiesced in and acted upon until it has become a settled rule of property, which it would be most dangerous to public interest to disturb, but its constitutionality has been recognized by judicial authority in unmistakable terms. "There can be no available objection," is the language of the court in Evans & Watson v. Jayne, 23 Pa. 34, "to the principle upon which our laws as to party walls is based. . . . The principle is no invasion of the absolute right of property, for that absolute involves a relative, in that it implies the right of each adjoiner, as against the other, to insist on a separation by a boundary more substantial than a mathematical line." The principle upon which these enactments rest is the general police power of the state. While it must be admitted that they are to a certain extent an interference with that exclusive enjoyment ordinarily incident to ownership of land, and are therefore to be strictly construed: Hoffstot v. Voight, 146 Pa. 632; yet our adjudication under them are but so many repeated recognitions of their correspondence with constitutional limitations.

Nor can the other question sought to be raised by appellant be regarded as an open one. A strict construction of the

statute leaves the appropriation of appellant's property, for purposes of a party wall, within their legitimate operation according to our own adjudications. In appeal of the Western National Bank, 102 Pa. 171, it is said: "Every owner of a lot of ground in Philadelphia has a statutory right to make a party wall between himself and his neighbor, and may enter upon the adjoining lot for that purpose, not going beyond the prescribed limit. This right cannot be taken from him by the adjoining owner building exclusively upon his own land, either to the line or a short distance therefrom." What is true of the law relating to Philadelphia applies with equal force to the particular statute here under consideration. The fact that the erection of the party wall here complained of will involve the appropriation and possible removal of appellant's eastern wall, built wholly within his own line, and so contract the dimensions of his present hall or entry to his building, only furnishes another illustration of how general laws in their application may in individual cases result in apparent severity and injustice. Such apparent inequality necessarily results; but all are alike exposed to the chance, and the risk is part of the price which each pays for equal participation in all that is provided for the general safety and the common good.

The assignments of error are overruled. The decree affirmed, and the bill is dismissed at the costs of the appellant.