## Morrison et al., Appellants, *v.* Ann Carmichael Memorial Presbyterian Church.

*Equity — Injunction — Restraining erection of party wall — Church—Charter—Alley.*

1. An owner of land abutting on land owned by a church has no standing to maintain a bill in equity against the church to restrain it from erecting a party wall, for the reason that the charter of the church provided that neither congregation, or its trustees, should at any time cause the land "to be sold or give any mortgage or lien on their church or grounds."

2. Even if the plaintiffs had a standing, they are not entitled to relief on the ground the wall would lessen the width of an alleyway owned by them, where it appears that when they purchased their land and laid out the alley, they knew or ought to have known that the adjoining owner had a right to construct the wall.

Argued February 2, 1922. Appeal, No. 87, Jan. T., 1922, by plaintiff, from decree of C. P. No. 3, Phila. Co., March T., 1920, No. 7670, dismissing bill in equity, in case of Samuel Morrison and John Morrison v. Ann

Carmichael Memorial Presbyterian Church.  Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, SADLER and SCHAFFER, JJ.  Affirmed.

Demurrer to bill for injunction.  Before FERGUSON, J. The opinion of the Supreme Court states the facts.

Demurrer sustained, bill dismissed.  Plaintiff appealed.

*Error assigned,* inter alia, was decree, quoting it.

*John G. Kaufman,* for appellants.

*Jay B. Leopold,* with him *Duane, Morris & Heckscher,* for appellee, were not heard.

PER CURIAM, February 20, 1922:

Since this appeal by plaintiffs is from a judgment on a demurrer to a bill in equity, and goes to the substance of the case, which is correctly disposed of in the following opinion of the court below, we shall only say, as to the procedural points sought to be raised, that we see no merit in any of them.

In entering judgment for defendant, the court below stated: "Defendant holds title to certain real estate used for religious purposes; its charter, among other things, provides that the congregation, or its trustees, shall not at any time cause the land 'to be sold or give any mortgage or lien on their church or grounds.'  As the matter was presented to the court, it appears that defendant corporation is erecting on a party line a building to be used as a parsonage.  The wall extends over on plaintiff's property as far as it is permitted to extend by law.  It is alleged that this party wall will narrow the alleyway of plaintiffs, and, in addition, is in violation of the charter of defendant.  In our opinion, the demurrer must be sustained.  We fail to see how plaintiffs have standing to invoke provisions [such as here involved] of the char-

ter of defendant, in a private controversy. Assuming that they could be heard, we are obliged to say there is nothing in the charter which prevents defendant from constructing a wall on a party line; this right is one which belongs to all owners of real estate. The clause in the charter referred to could not have prevented plaintiffs from constructing a party wall on the party line had it been to their interest to do so; the rights are reciprocal, and, if defendant chose to exercise its right, it was not in violation of the terms of its charter, even if plaintiffs should in the future decide to cut into the wall for the construction of a building on their own property. This could not be regarded as a lien on defendant's land, within the meaning of the prohibition in the charter. The averment that the effect will be to narrow an alleyway on the property of plaintiffs gives them no standing in equity. [The so-called "alley" is not a passageway held in common along the party line, but, as shown by the bill, "is wholly upon the land" of complainants.] When they purchased the land [and when they laid out their alley], they knew, or ought to have known, that the adjoining owner had the right to construct the wall. We fail to see how any great injury could be done plaintiffs by the encroachment of the few inches permitted by law......; but, if we were convinced injury would result, we are without power to grant relief."

The decree is affirmed.