# Neilson, Appellant, *v.* Hummel et al.

*Party walls—Windows—Building laws—Equity—Injunction.*

1. Where one of two owners of abutting buildings with a party wall between them, takes down his building and, without using the old wall to support the new building, underpins the old wall, encroaching on his neighbor's land for the sole purpose of lateral support of such land, the case does not fall within the provisions of the statutes relating to the construction of party walls.

*Party walls—Openings in wall—Equity—Injunction.*

2. Where one of two owners of abutting lots on which no buildings have been erected, and which are only separated by a line fence, constructs a party wall foundation eighteen inches wide and places half of the same on his neighbor's land, such owner cannot make openings or windows on the structure which he builds adjoining.

3. Whenever a landowner goes on the land of another, and exercises his right to construct a party wall, he is bound by the statutory regulations as to the manner of its erection, and assumes the responsibility which thereby arises.

4. Even though the wall is built no higher than the foundation, or level of the ground, he must comply with the provisions of the acts.

5. If the builder starts the wall upon the line, and thus takes the land of the adjoining owner, he must carry it up strictly as a party wall, or at least in such manner as to give the adjoining owner all the benefit of such wall.

6. It is no answer for the builder to say that such construction was simply intended to support the higher land of his neighbor, inasmuch as he was bound to do this without any encroachment whatever.

7. In entering a decree against a builder who has erected such a wall with windows therein, the court will direct that the openings already made shall be closed with the same character of materials as the rest of the wall, and that no others shall be made.

Argued April 21, 1924. Appeal, No. 23, Jan. T., 1923, by plaintiff, from decree of C. P. No. 2, Phila. Co., March T., 1923, No. 8719, dismissing bill in equity, in case of Louise Fotteral Neilson, wife of Thomas R. Neilson v. Elizabeth H. Hummel, owner, and William R. Dougherty, contractor. Before MOSCHZISKER, C. J., WALLING, SIMPSON, SADLER and SCHAFFER, JJ. Reversed.

Bill for injunction. Before GORDON, J.
The opinion of the Supreme Court states the facts.
Bill dismissed. Plaintiff appealed.

*Error assigned* was, inter alia, decree, quoting it.

*Franklin E. Barr* and *C. Berkeley Taylor,* for appellant.—When an adjoining owner takes plaintiff's land and builds a party wall, that whole wall must be built so that all the benefits of a party wall from cellar bottom to roof exist, including all the rights and physical conditions to use it as a party wall. If an adjoining owner does not desire to build a party wall, he must build entirely on his own land, and such wall is not subject to any burdens by the adjoining owner: Altwater v. Woods, 1 W. N. C. 23; Bell's App., 81* Pa. 203; Pile

v. Pedrick, 167 Pa. 295; Jones v. Greenfield, 25 Pa. Superior Ct. 315; McClelland v. Schwerd, 32 Pa. Superior Ct. 313; McGettigan v. Potts, 149 Pa. 155; Matulys v. P. & R. C. & I. Co., 201 Pa. 70; Milne's App., 81 Pa. 54; Western Nat. Bank's App., 102 Pa. 171.

*James Wilson Bayard,* of *Evans, Bayard & Frick,* with him *Albert T. Bauerle,* for appellees, cited: Pentony v. R. R., 231 Pa. 464; Mellor v. Bank, 50 Pitts. L. J. 55; Western Nat. Bank's App., 102 Pa. 171; Lukens v. Lasher, 202 Pa. 327; Pile v. Pedrick, 167 Pa. 296; Mercantile Library v. University of Penna., 220 Pa. 328; Benner v. Cassatt, 236 Pa. 248.

OPINION BY MR. JUSTICE SADLER, May 12, 1924:

One of the defendants is the owner of a property on the corner of Twentieth and Chestnut Streets in the City of Philadelphia, designated as No. 1939. The plaintiff owns the adjoining lot, No. 1937, and both extend through to Ranstead Street, a distance of about 158 feet. On each parcel was erected a four-story dwelling, which, for the first 63 feet 3 inches, were separated by a party wall, and the remaining distance of 94 feet 9 inches divided by a line fence. The owner of the corner property, defendant here, tore down her building, but not the party wall then in place, and began the erection of an eight-story structure, planned to have 50 windows, overlooking the property of plaintiff to the east. As the cellar of the new building extended below that of the old, the owner, through her contractor, also a defendant, made excavations below the 18-inch foundation of the portion occupied in the front, and built there a sub-base of stone, the only purpose being to uphold the old construction, which might have settled or fallen but for the new support thus given to it. Entirely within her own line a steel framework was installed, not resting upon the party wall, but continuing upward, on its own base, beyond the top of the original partition, about an inch west from the di-

viding line. On the rear part of the lot, for some 94 feet, there was placed a new foundation eighteen inches wide, nine on the land of plaintiff and nine on that of defendant. The actual building on No. 1939 carried its own weight throughout. Indeed, it was insisted that the new stone wall was intended solely to prevent the movement of earth from lot No. 1937, though, as a matter of fact, one-half of it was placed on plaintiff's property.

From the end of the old party wall to Ranstead Street, stone was used to the level of that highway, which is approximately forty inches below the surface of the lot. Brick was laid on it, slightly less in width, to the height of plaintiff's property. On this a still narrower row of like material was placed to the first floor of the new building, about one inch back of the line, and entirely on defendant's land. Steel columns rested on the footings thus built, intended to bear the weight of the new structure. In order to make room for this work, with the necessary openings or recesses, excavations were made in the party wall foundations, and the space between afterwards filled with concrete, or other material, though the framework does not depend on this for its support. From the surface to the top in front, it is also sealed to prevent deterioration as a result of weather conditions, but this filling does not sustain the building, of which complaint is now made. Windows were opened, or are proposed to be, in the new wall, which, as noted, adjoins the property of plaintiff, and it was to restrain this action that the present bill was filed.

The foregoing facts were established either by admission or proof, and it will be observed that, so far as they relate to the old party wall, and the work done under and in connection with it, they are the same as existed in Hayes v. The Arcade Real Estate Co., 257 Pa. 566, followed by the court below in its decision in the instant case. It is not necessary to repeat what was there said; it suffices to remark that the effect is to affirm the decree so far as it refers to the front 63 feet 3 inches.

As to the rear, an entirely different question arises. The court below found as a fact that "the defendant elected to erect a party wall foundation eighteen inches wide, and has placed the same, half on the land of the plaintiff and half on the land of the defendant." This being so, it follows that defendants erred in making openings in the new structure: Milne's App., 81 Pa. 54. It is no answer to say that the base installed was simply intended to support the higher land of plaintiff; defendant was bound to do this without making any encroachment. Unlike the front portion, this part is an entirely new construction, resulting in the occupation of plaintiff's property, and having no justification except as permitted by the party wall statutes. It is not necessary to cite authorities to show that land may be taken for such purpose within the limits fixed by the acts of assembly (Jackman v. Rosenbaum Co., 263 Pa. 158, affirmed in 260 U. S. 22), and the adjoiner cannot be deprived of the right to so build and be compelled to confine the new building within his own line: Heron v. Houston, 217 Pa. 1. Every property owner is bound to take notice of the right of his neighbor to appropriate for this purpose: Morrison v. Carmichael Church, 273 Pa. 162.

Whenever, as here, a landowner goes upon the land of another, and exercises his right to construct a party wall, he is bound by the statutory regulations as to the manner of its erection, and assumes the responsibilities which thereby arise. He is not liable where a trespass is unintentionally committed (Pile v. Pedrick, 167 Pa. 296), or where the encroachment, improperly made, is removed on notice: Benner v. Cassatt, 236 Pa. 248. If, however, land is taken for such purpose, even though the wall rises no higher than the foundation, or the level of the ground, he must comply with the provisions of the acts of assembly which give to him the unusual privilege of occupying the land of another without the latter's consent. As was said by Chief Justice MITCHELL, in

Sharpless v. Boldt, 218 Pa. 372: "Party walls are creatures of statutes. [In effect] they are provisions for taking one man's property for the private use of another; which, in general, is beyond the legislative power even for police purposes. They rest, therefore, on long recognition and acquiescence amounting to a settled constitutional construction. But rights claimed under them must be sustained by clear statutory authority." The Act of May 5, 1899, P. L. 193, relating to Philadelphia, provides, inter alia, in section 27, that party walls shall be built solidly from cellar bottom to the top of the fire wall, and also that the same shall be extended at least ten inches above the roof.

It is insisted in this case that the building of the foundation,—a continuation of the party wall to the rear of the lot,—was not to be treated as such, since the weight of the building did not rest thereon. This proposition is answered by Milne's App., supra, where the court said, "If the builder starts the latter [the wall] upon the line and thus takes the land of the adjoining owner, he must carry it up strictly as a party wall, or at least in such manner as to give the adjoining owner all the benefits of such a wall. Otherwise the land of the latter would be taken without any corresponding benefits." And the same principle was recognized in Western National Bank's App., 102 Pa. 171. Though the rear of the new building here in question may depend for its physical support on the steel construction, without necessity of relying on the stone base, yet the facts clearly show that the defendant occupied a portion of plaintiff's land, and built the foundation as a party wall. It follows that an injunction should be granted restraining the respondents from maintaining windows, or other openings, in that part of the structure, and, if such have already been made, that they be closed.

The decree is reversed at the cost of appellee, and the court below is directed to enter an appropriate order, as indicated by this opinion, directing defendants to per-

manently close the openings already made in the rear 94 feet 9 inches of the buildings, with the same character of materials, and to refrain from making others therein.