## Jacob v. Hepner.

*Building law—Party-walls—Taking down party-wall—Windows—Injunction.*

The taking down of a portion of a party-wall, not at any time used by the complainant or his predecessor in title, and erecting a new wall upon a new foundation and wholly upon the property of the defendant, with windows therein, will not be restrained by a court of equity.

Bill in equity for injunction. C. P. No. 5, Phila. Co., Sept. T., 1924, No. 3804, in Equity.

*R. E. Erwin*, for plaintiff; *Salus & Salus*, for defendant.

SMITH, J., March 20, 1925.—

### Findings of fact.

1. In this case a bill in equity was filed by the complainant, averring that he was the owner of a certain property known as No. 2505 North Second Street, in the City of Philadelphia, and that the defendant was the owner of No. 2503 North Second Street.

2. On the party-line separating these properties from the west house-line eastward there was a party-wall.

3. On the premises of the complainant there is a building set back from the building-line of the east side of Second Street 32 feet, more or less, leaving for the use of the owner thereof a space or yard in front of his said house, extending from the front of his said building to the building-line of Second Street, of the full width of his said lot.

4. Upon the premises of the defendant is constructed a dwelling-house which extends to the building-line on the east side of Second Street the full width of her said lot, and the north line of her said premises passed through the centre of a brick party-wall a distance of 35 feet more or less.

5. Defendant is about to make certain alterations, additions and repairs to her building, in that she intends to authorize and is about to break into and destroy and tear down a portion of said party-wall for the purpose of affording light and air to her said building now in the process of reconstruction.

6. Complainant filed a bill of complaint in this case, praying that an injunction may issue, enjoining and restraining defendant from breaking into, using, opening or in any manner causing any opening to be made for windows or otherwise in the said party-wall aforesaid, and for general relief.

7. An answer was filed to this bill of complaint, admitting the ownership as alleged in the bill, and admitting the desire of the defendant to make the alterations, additions and repairs as described in the bill of complaint. Defendant, however, averred her legal right so to do, and averred that the construction was done with the approval of the Bureau of Building Inspection.

A replication was filed and the cause was heard on bill, answer, replication and proof.

8. It was proved that the complainant, Frank Jacob, is the owner of a certain parcel of land, situate No. 2505 North Second Street, in the City of Philadelphia. On this land there is erected a frame dwelling, 32 feet east of the east house-line of Second Street, and the south wall of which is several feet north of the party-line between the property of the complainant and the property of the defendant.

9. That on the property of the defendant there is erected a three-story brick building, with its westernmost building-line flush with the eastern

building-line of Second Street, and with its north wall bisected by the party-line of Nos. 2503 and 2505 North Second Street.

10. That at the present time the defendant, Leah Hepner, is altering the northern wall of her property, and that she desires to take out a portion of the north wall of this property, for a space 8 feet wide, at a distance of 16 feet east of the east house-line of Second Street, and to set it back on her own property 12 inches, so as to give an insert, to be used as a light and air-shaft, in which windows may be placed. To do this, a new wall for this space of 8 feet will be constructed, resting upon a new foundation-wall.

## Discussion.

It is the contention of the complainant that this adjustment will amount to a virtual placing of windows in a party-wall, and that irreparable damage will be done to his property, and that he has no equitable remedy at law.

At the trial of the cause it developed that for many years the building of the defendant has stood with part of its construction, being the north party-wall, which at no time has ever been used by the complainant nor his predecessor in title. The whole question to be determined is whether or not a party-wall, not being used as such by the party complaining, can be torn down and a new wall erected on the property of the defendant, so that light and air may be admitted into defendant's building.

In the case of Roberts v. Bye, 30 Pa. 375, Lowrie, C. J. (on page 377), said:

"In Philadelphia, this relation between adjoiners is regulated by statute. He that first builds on his line must erect the wall at his own expense, and it is then, as one whole wall, an essential part of his house, and is, therefore, real estate. Yet half of it rests on his neighbor's land, which is charged with a servitude for this purpose.

"The owner of the house has no charge against anybody for the half thus built on his neighbor's land; but the wall is his own, and the neighbor cannot use it without paying for so much of it as he intends to use; and, on paying, he may use it, and then the wall becomes a common wall, and each lot becomes appurtenant to the other, so far as needed for its support. The owner of the wall has, therefore, a contingent claim against the adjoining lot owner that he shall pay for his share of the wall before using it, though it is half on his own ground."

In the case at issue the complainant has never made use, or attempted to make use, of this particular party-wall, which has been standing for many years, although there is no doubt of his right to do so upon paying his proper share of the expenses.

If the building of the defendant were destroyed by fire, there is no doubt that the complainant in this case could not compel her to construct a new party-wall. It is also true that, after a fire destroyed the party-wall, the defendant, if she so desired, could erect a new building on her own property and away from the party-line, with windows in the building-wall facing the property of the complainant. Since she can construct a building-wall entirely on her own property, with windows therein, there is no logical reason why she cannot take down a portion of a party-wall, which is not being nor never has been used by the complainant in any way whatsoever, and erect on her own property some distance back from the party-line, for the purpose of getting light and air into her building, a new building-wall. In making this construction, the defendant must not use the foundation of the old party-wall upon which to rest or support her new building-wall. The new foundation must stand alone, entirely upon and within her own property. In

other words, it must not be a part of the party-wall nor of the foundation thereof.

If this be done, the law as enunciated in Vollmer's Appeal, 61 Pa. 118, does not apply; neither would this case be governed by Milne's Appeal, 81 Pa. 54, where the defendant in that case attempted to erect a wall entirely upon his own property, but which rested upon a foundation partly within the land of the plaintiff.

It is well settled by the cases that if a foundation is erected as a party-wall, the builder must continue the structure as a party-wall, so as to give the adjoining land owner all of the rights and benefits accruing to him. Windows placed in such a wall will be closed by a court of equity.

In Milne's Appeal, 81 Pa. 54, it is said: "It must be conceded that if the defendant, or those under whom he claims, had constructed this portion of the wall entirely upon his own property, he would have had the right to leave openings therein."

This present party-wall, never having been used by the complainant, belongs to the defendant. Those under whom he claims title erected it at their own expense, and it has not at any time been used by the complainant or those under whom he claims title.

The defendant may, therefore, make such alteration thereon as does not in any manner infringe upon or affect the legal rights of the adjoining land owner, as provided under those cases relating to the law of party-walls.

### Conclusions of law.

The taking down of a portion of a party-wall not at any time used by the complainant or his predecessor in title and erecting a new wall upon a new foundation wholly upon the property of the defendant, with windows therein, will not be restrained by a court of equity.

Counsel shall prepare a decree. Costs to be paid by the complainant.

NOTE.—Syllabus by the Court.