## Mitchell v. Bornstein et al.

*Deeds—Reservation—Party-wall—Compensation for use of—Separation of use of wall from ownership of premises.*

1. A reservation to the grantor of "the free use, right, liberty and privilege of the party-wall" between the premises conveyed and adjoining premises does not entitle the grantor to receive compensation subsequently paid by the adjoining owner for the use of the party-wall, since the grantor could not use the wall except as owner of adjoining premises, and unless he became the owner thereof, he had no rights which he could enforce.

2. Since the deed did not expressly reserve title to the wall or part of it, such title passed under the Act of April 10, 1849, § 4, P. L. 600, and the only reservation was of the use, which could be enjoyed only as incident to ownership of adjoining premises.

Rule for judgment for want of sufficient affidavit of defence. C. P. No. 1, Phila. Co., June T., 1926, No. 4927.

*Rambo, Rambo & Mair*, for plaintiff.

*Wolf, Block, Schorr & Solis-Cohen*, for defendants.

TAULANE, J., June 14, 1927.—This is a rule for judgment for want of a sufficient affidavit of defence.

The plaintiff was the owner of premises No. 4756 Chestnut Street, and in 1913 he conveyed said premises to James H. Van Buskirk, in fee, reserving in the deed unto himself, his heirs and assigns, the free use, right, liberty and privilege of the party-wall erected between premises No. 4756 Chestnut Street and the premises adjoining to the east thereof. The defendants became the owner of the adjoining premises, No. 4754 Chestnut Street, and in October, 1925, they used the party-wall between said premises and premises No. 4756 Chestnut Street.

At that time, Joseph Gould was the owner of premises No. 4756 Chestnut Street, and the defendants paid him compensation for the use of the party-wall in the belief that he was entitled to it as the then owner of premises No. 4756 Chestnut Street.

The plaintiff claims that his deed to Van Buskirk in 1913 reserved to him compensation for the use of the party-wall.

If the plaintiff's deed reserved to him the compensation, the defendants were bound by it, even though they had no actual notice of the reservation and in good faith paid the compensation to the present owner. The recording of the deed was constructive notice.

The question for decision is: What rights did the plaintiff reserve?

Section 4 of the Act of April 10, 1849, P. L. 600, provides: "In all conveyances of houses and buildings, the right to, and compensation for, the party-wall built therewith shall be taken to have passed to the purchaser, unless otherwise expressed, and the owner of the house for the time being shall have all remedies in respect to such party-wall as he might have in relation to the house to which it is attached."

All rights in the party-wall, therefore, passed to Van Buskirk and those claiming under him, including Gould, the present owner, except as otherwise expressed in the deed. And the deed is to be construed strictly against the grantor and in favor of the grantee.

The deed did not except the party-wall or the one-half of it on the adjoining premises; therefore, the title to the party-wall passed with the conveyance. The only reservation was the use of the wall.

The right to use property, such as a right of way or the use of a party-wall, gives no title to the property itself and vests in the owner of the use no rights

Mitchell v. Bornstein et al.

beyond what are necessary to enjoy the use. (Frank Warr & Co. v. London County Council (1904), 1 K. B. 713; Uhle v. Ohio River R. R. Co., 51 W. Va. 106, and Bosley v. Susquehanna Canal, 3 Bland Chancery Reps. (Md.) 63, 67.)

The plaintiff reserved nothing beyond the use of the wall. As a building was already erected on the granted premises, the plaintiff could not have intended to reserve to himself the use of the wall for those premises, and the only use which was reserved was for the adjoining lot.

If the plaintiff was, or intended to become, the owner of the adjoining lot, such a reservation would have been a thing of value. The plaintiff was at no time the owner of the adjoining lot. A party-wall is essentially inalienable except to the adjoining owner. (Roberts v. Bye, 30 Pa. 375, 377.)

While the plaintiff reserved the use of the party-wall for the adjoining lot, it was a useless reservation because the plaintiff has never been in a position to avail himself of it. The defendants had the absolute right, as owners of the adjoining lot, to use the party-wall so long as they were prepared to pay the rightful owner of the wall. Neither Gould, the then owner, nor the plaintiff could have interfered with the defendants' right to use the wall.

We are quite clear that the plaintiff was not the owner of the wall or entitled to compensation for its use. He had merely the right of use which he could not avail himself of, except as owner of the adjoining lot.

The use by the defendants did not interfere with or destroy the plaintiff's right so as to give the plaintiff a cause of action. Until the plaintiff became the owner of the adjoining lot, he had no rights to be destroyed. Moreover, the deed did not directly or indirectly reserve to the plaintiff compensation for the use of the wall. The defendants have already paid for the wall and they should not be obliged to pay again unless the plaintiff's reservation is clear and explicit.

And now, to wit, June 14, 1927, plaintiff's rule for judgment for want of a sufficient affidavit of defence is discharged.