## Forte et ux. *v.* Reale, Appellant.

Argued October 6, 1930.

Before Trexler, P. J., Keller, Linn, Gawthrop, Cunningham, Baldrige and Whitmore, JJ.

*Henry I. Koplin,* and with him *Thaddeus M. Daly, Jr.,* for appellant.

*David S. Malis,* for appellee.—Openings in a party wall are illegal: Milne's Appeal, 81 Pa. 54; Datz v. Phillips, 137 Pa. 203; Neilson v. Hummel, 280 Pa. 483.

Opinion by Whitmore, J., December 27, 1930:

This is an appeal from a final decree entered by the court of common pleas No. 3, Philadelphia, sitting in equity, requiring the defendant to remove the frames and windows placed in and existing in the party wall between premises 1428 and 1430 South 12th Street in the City of Philadelphia, and compelling the defendant to brick up and close the openings in said party wall.

The defendant was the owner of lots Nos. 1426, 1428

and 1430 located on the west side of South 12th Street, below Wilder Street. By general warranty deed dated July 11, 1924 he conveyed to Amelia Berardelli lot No. 1430, the most southerly lot of the three, being 17 feet front on South 12th Street by 70 feet in depth, without any reservations or exceptions. Prior to this conveyance the defendant constructed a 9 inch wall extending in a westerly direction from South 12th Street a distance of 67 feet to a 3 foot alley, and placed four windows therein. According to the deed and the map or plan offered in evidence, the north boundary line of the lot so conveyed to Berardelli bisected the 9 inch wall. On September 2, 1925 Berardelli conveyed to the plaintiffs in this case the same land, without exception or reservation. The bill in equity prayed for an injunction restraining the defendant from opening any holes or windows or from maintaining any holes or windows in the party wall erected on the boundary line separating the plaintiffs' premises from the premises owned and occupied by the respondent. The plaintiffs contend that the 9 inch wall is a party wall and that the defendant, having conveyed the southern half of this wall in connection with lot No. 1430 by general warranty deed to Berardelli, and the latter having conveyed to the plaintiffs, no reservation of any rights to maintain the windows being mentioned in either deed, that the defendant has no right to maintain windows in the party wall. At the hearing before the court below the plaintiffs offered in evidence the two deeds above referred to and called William C. Reeder, who testified that he was a surveyor of the City of Philadelphia, connected with the second district, that he made a survey of the party wall between lots 1430 and 1428 and that it was placed almost equally half and half on each property, No. 1428 and 1430, extending back or westerly 67 feet, and that there were four windows in this party wall. No

evidence was offered on the part of the defendant.

The question raised by the defendant on the twenty assignments of error briefly stated are: (1) Was this a party wall? (2) Are openings in party walls illegal? (3) Were the plaintiffs guilty of laches? (4) Did the fact that at one time both lots were in the ownership of the defendant only suspend its status as a party wall during that period and was it revived as soon as there was separate ownership of the adjoining piece of ground?

It is important to note that in the bill of complaint it is alleged that the 9 inch wall is a *party wall* built directly upon the boundary line separating premises owned by the complainants from the premises owned by the respondent and that said party wall rests 4½ inches on ground owned by the complainant. The answer to the bill does not deny that the wall is a *party wall,* but, on the contrary, in paragraph 10 of the answer refers to the same as a *party wall.* Further, the only testimony with reference to the character of this wall was that of William C. Reeder, called by the plaintiffs, who testified as follows: "Q. Is there a party wall on the line between 1430 and 1428 South 12th Street? A. Yes. Q. That is placed almost equally half and half on each property, 1428 and 1430; is that right? A. Yes, sir; it lies on both properties." Therefore, under the pleadings and evidence there is no question raised concerning the character of this wall. The fact that this wall was constructed while the defendant was the owner of both properties does not change its character. The court below properly held that the fact that the title to both properties was at one time in the defendant merely suspends the operation of the statute and does not defeat the right of the complainants after the properties are in separate owners and the party wall exists as a party wall. See McCittigan v. Evans, 8 Philadelphia 264; Beaver v.

Nutter, 10 Philadelphia 345; Van Gunten v. Parks, 25 W. N. C. 527.

The defendant, having conveyed by general warranty deed, without exceptions or reservations as to the use of the windows, he parted with his title to the southern half of said wall, being 4½ inches in thickness, and has no standing to maintain said windows or openings. Irrespective of what the defendant's intention may have been when he constructed the wall, the fact that he made the conveyance for the southern half would establish the wall as a party wall.

That openings in party walls are illegal is well settled in Milne's Appeal, 81 Pa. 54; Vollmer's Appeal, 61 Pa. 118; Datz v. Phillips, 137 Pa. 203, and Neilson v. Hummel, 280 Pa. 483.

We do not think the complainants are barred by laches. The respondent constructed the party wall in 1919 and conveyed the southern half thereof in 1924; the complainants acquired title in 1925 and instituted this action in 1928. It has been held that no prescriptive right can be acquired to maintain windows in a party wall. See Neilson v. Hummel, 280 Pa. 483, and cases therein cited.

The decree of the court below is affirmed at the cost of the appellant.