## UNITED STATES v. LAND TITLE BANK & TRUST CO. et al.

### No. 6252.

Circuit Court of Appeals, Third Circuit.

June 14, 1937.

Harry W. Blair, Asst. Atty. Gen., Charles D. McAvoy, U. S. Atty., and Thomas J. Curtin, Asst. U. S. Atty., both of Philadelphia, Pa., and Ralph S. Boyd, of Washington, D. C., for the United States.

Leonard Orloff and Arthur S. Arnold, both of Philadelphia, Pa., for appellees.

Before BUFFINGTON, DAVIS, and BIGGS, Circuit Judges.

BUFFINGTON, Circuit Judge.

In this case it appears the United States acquired—not by condemnation, but by purchase—a lot in the city of Chester, Pa., on which it has built a post office. The lot adjoining is owned by the University of Pennsylvania.

By the law of Pennsylvania adjoining lot owners have mutual property rights and property obligations in reference to party walls. Thus in Jackman v. Rosenbaum Co., 263 Pa. 158, 106 A. 238, 240, it is said: "The origin of our present party wall regulations was the great London fire of 1666. They are primarily designed to guard life and property; and the theory which sustains these laws as police statutes seems to be that in thickly populated cities there is a constant menace from fire, against which they serve as a common protection."

In Heron v. Houston, 217 Pa. 1, 66 A. 108, 109, 118 Am.St.Rep. 898, it was said: "This legislation has not only been acquiesced in and acted upon until it has become a settled rule of property, which it would be most dangerous to public interest to disturb. * * * 'Every owner of a lot of ground in Philadelphia has a statutory right to make a party wall between himself and his neighbor, and may enter upon the adjoining lot for that purpose, not going beyond the prescribed limit. This right cannot be taken from him by the adjoining owner building exclusively upon

5 Fairmount Glass Works v. Cub Fork Coal Co., 287 U.S. 474, 53 S.Ct. 252, 77 L.Ed. 439.

his own land, either to the line or a short distance therefrom.'"

Party wall legislation, which as noted above is based on the police power of a state, was recognized by the Supreme Court of the United States in Wurts v. Hoagland, 114 U.S. 606, 5 S.Ct. 1086, 1089, 29 L.Ed. 229, where it is said: "But there is another branch of the legislative power that may be appealed to, as authorizing the taking of the lands required for the works to drain these meadows. It is the power of the government to prescribe public regulations for the better and more economical management of property of persons whose property adjoins, or which, from some other reason, can be better managed and improved by some joint operation, such as the power of regulating the building of party walls; making and maintaining partition fences and ditches; constructing ditches and sewers for the draining of uplands or marshes, which can more advantageously be drained by a common sewer or ditch. This [is] a well-known legislative power, recognized and treated of by all jurisconsults and writers upon law through the civilized world; a branch of legislative power exercised by this state before and since the revolution, and before and since the adoption of the present constitution, and repeatedly recognized by our courts."

Seeing then that party wall rights are part of the real estate law of Pennsylvania and the owner of the lot in question held it subject to party wall obligations to the adjoining lot it would seem clear that when the United States bought the lot, there was no forfeiture or extinguishment of the rights of the adjoining lot owner. The government bought the lot cum onere. It neither destroyed nor paid for the party wall rights of the adjoiner, and when the government, by its contractor, built a heavy retaining wall up to the property division line and thereby deprived the adjoining lot owner of the space on which a party wall had to be built, the contractors were mere trespassers on the reserved party wall zone vested by the real estate law of Pennsylvania. To prevent this violation of its property rights, the abutting owners filed a bill in the state court against the contractors, praying for an injunction, which bill is now pending. Thereafter the United States filed a bill in the court below against the adjoining lot owners, praying they be enjoined from prosecuting their action in the state court. Thereupon the judge below, considering the court was by section 265, Judicial Code, 28 U.S.C.A. § 379, forbidden to enjoin proceedings in the state court save in matters of bankruptcy, declined to grant a preliminary injunction. Thereafter this appeal was taken.

After argument and due consideration had, we find no error in the court refusing the preliminary injunction prayed for. So holding, the appeal is dismissed.